[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14992
Non-Argument Calendar

_____

Agency No. 11-0382-BLA


COWIN & COMPANY, INC.,

                                                                        Petitioner,

versus

DIRECTOR, OWCP,
US DEPARTMENT OF LABOR,
DONALD R. HENLEY,

                                                                        Respondents.


_____

Petition for Review of a Decision of the
Department of Labor

_____

(August 19, 2013)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Cowin and Company, Inc., appeals a decision that affirmed an award of benefits for Donald R. Henley based on his second claim under the Black Lung Benefits Act.  30 U.S.C. § 901.  Cowin argues that the denial of Henley's first claim for benefits bars his second claim for benefits and that the decision to award Henley benefits based on Dr. Harsha Shantha's medical opinion was not supported by substantial evidence.  We affirm.

We review de novo the decision of the Benefits Review Board.  U.S. Steel Mining Co. v. Dir., OWCP, 386 F.3d 977, 984 (11th Cir. 2004).  To the extent the Board affirms an award of benefits under the Act, that decision is "effectively cloak[ed] . . . with the same deference" owed to the decision of the administrative law judge.  Id. (internal quotation marks and citation omitted).  "Decisions of the [administrative law judge] are reviewable only as to whether they are in accordance with law and supported by substantial evidence in light of the entire record."  Id.  Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  (internal quotation marks and citation omitted).

The Board did not err by affirming the determination that Henley "satisfied the threshold requirement for a [second] claim . . . by showing a material change in [his] condition."  Id. at 990.  The administrative law judge applied the one-element test we adopted in U.S. Steel and determined that Henley had failed to establish he

2

suffered from pneumoconiosis when he filed his first claim for benefits in 1993, but that he had a material change of condition and suffered from the disease when he filed his second claim in 2002.  Cowin argues that the administrative law judge could not disturb the finding he made during Henley's first claim for benefits that Henley's lung condition was not caused by exposure to coal dust, but the administrative law judge could not take that earlier finding into account when evaluating Henley's second claim for benefits.  The administrative law judge determined whether Henley had a "material change" in his condition by comparing the evidence he presented in support of his second claim "with the conclusion[] reached in the prior claim" that he did not have pneumoconiosis.  See id. at 989 (emphasis omitted).  Cowin also argues that res judicata barred Henley's second claim for benefits, but Henley sought in his second claim to prove that his health had changed since the denial of his first claim, not to relitigate the denial of that claim.  See id. at 990.

Substantial evidence supports the decision that Henley had legal pneumoconiosis.  Dr. Harsha Shantha, a board certified pulmonologist and Henley's treating physician, opined that Henley's symptoms were attributable to sarcoidosis and an obstructive impairment attributable to coal workers' pneumoconiosis, which is consistent with the definition of legal pneumoconiosis.  See 20 C.F.R. § 718.201(a)(2), (b).  Dr. Shantha determined that Henley had coal

3

workers' pneumoconiosis based on objective medical evidence of his work and social history, which included exposure to coal and sand dust, but no exposure to cigarette smoke; Henley's clinical presentation; and a pulmonary function test. See id. § 718.202(a)(4). The administrative law judge reasonably found Dr. Shantha's opinion more probative and well-reasoned than other, less definitive, diagnoses of pneumoconiosis by Dr. Ceso Ebeo, who failed to provide a pulmonary diagnosis; Dr. Donald Rasmussen, who relied on evidence not in the record; Dr. Randolph Forehand, who needed to eliminate tuberculosis and malignancy as possible diagnoses; and Dr. Jay Mehta, who gave an alternative diagnosis of idiopathic pulmonary fibrosis.

Cowin challenges the decision of the administrative law judge on four grounds, all of which fail. First, Cowin argues that Henley was not entitled to benefits because he had a negative lung biopsy, but negative biopsy evidence is not dispositive of a claim for benefits. See id. § 718.106(c) ("A negative biopsy is not conclusive evidence that the miner does not have pneumoconiosis."). Second, Cowin argues that Henley was not entitled to benefits based on his CT scan in February 2002 showing sarcoidosis, but the administrative law judge found that the CT scan was counterweighed by a chest x-ray in December 2003 that two doctors read as showing pneumoconiosis, and we cannot disturb that finding. See Taylor v. Ala. By–Products Corp., 862 F.2d 1529, 1531 n.1 (11th Cir. 1989) ("We do not

4

question the weight accorded to the evidence by the ALJ, for such is not within our scope of review."). Third, Cowin argues that the administrative law judge misstated that Dr. Shantha did not rely on the CT scan evidence, but the administrative law judge explained that the doctor made a partial diagnosis of sarcoidosis based on the scan and then determined from the other objective medical evidence that Henley suffered from coal worker's pneumoconiosis. Fourth, Cowin argues that the administrative law judge "summarily disregarded all of the evidence from [Henley's] prior claim," but the administrative law judge considered "the radiographic record in the earlier claim" and reasonably determined that "the most recent chest x-rays [were] more relevant medical evidence on the condition of Mr. Henley's lungs" and more consistent with the "latent and progressive" nature of pneumoconiosis. See 20 C.F.R. § 718.201(c); see also U.S. Steel, 386 F.3d at 990.

We **AFFIRM** the decision to award benefits to Henley.